# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| E-SHOPS CORP., an Arizona Corporation dba PAINTBALL PUNKS, individually and on behalf of all those similarly situated,<br>　　　　　Plaintiff,<br><br>v.<br><br>U.S. BANK NATIONAL ASSOCIATION,<br><br>　　　　　Defendant. | Case No.<br><br>(Hennepin County Fourth Judicial District Court Case No. 27-CV-10-25648)<br><br>Demand for Jury Trial<br><br>Class Action<br><br>**DEFENDANT U.S. BANK NATIONAL ASSOCIATION'S NOTICE OF REMOVAL** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332,[1] 1441, 1446, and 1453, as amended by the Class Action Fairness Act of 2005, Defendant U.S. Bank National Association ("U.S. Bank") hereby removes the above-captioned action entitled E-Shops Corp. d/b/a Paintball Punks, individually and on behalf of all those similarly situated v. U.S. Bank National Association, Case No. 27-CV-10-25648, from the District Court of the State of Minnesota, Hennepin County, Fourth Judicial District, to the United States District Court for the District of Minnesota. As grounds for removal to this Court, U.S. Bank states as follows:

## I.　FACTUAL BACKGROUND.

1.　On November 4, 2010, E-Shops Corp. d/b/a Paintball Punks ("Plaintiff")

---

[1] In addition to jurisdiction under the Class Action Fairness Act, traditional diversity jurisdiction also exists in this case, because, as fully described herein, the amount in controversy—particularly the value of the injunctive relief sought by Plaintiff—exceeds $75,000, exclusive of interest and costs, and the action is between citizens of different States. See 28 U.S.C. §1332(a)(1).

commenced this action in the District Court of the State of Minnesota, Hennepin County, Fourth Judicial District, Case No. 27-CV-10-25648.

2. Plaintiff served U.S. Bank with a copy of a Summons and Complaint on November 5, 2010. True and correct copies of the Summons and Complaint are attached as Exhibit A. These are the only process, pleadings, or orders in the above-captioned action that have been served upon U.S. Bank to date. *See* 28 U.S.C. § 1446(a).

3. In its Complaint, Plaintiff, an Internet seller of paintball-related products with a website located at www.paintballpunks.com, alleges that between August and December of 2009, unidentified individuals fraudulently purchased a total of $11,259.91 worth of Plaintiff's merchandise over the Internet using credit cards issued by U.S. Bank. (*See* Compl. ¶¶ 6, 13.) Plaintiff further alleges that upon learning of these purchases, those U.S. Bank cardholders whose credit cards were used contested the charges, leading U.S. Bank to initiate "chargebacks" on their behalf. (*See id.* ¶ 14.) As a result of these chargebacks, Plaintiff alleges that $11,259.91 was deducted from its own bank account with HSBC Bank and returned to U.S. Bank on behalf of its cardholders. (*See id.* ¶¶ 10, 13-14.)

4. According to Plaintiff, an unnamed person from U.S. Bank admitted during conversations with Plaintiff that U.S. Bank's "system had been compromised," enabling individuals to make fraudulent "card not present" transactions, *i.e.*, purchases in which the credit card was not physically presented to the merchant at the time of sale (such as those made using the Internet or via telephone). (*See id.* at ¶¶ 6, 9, 12.)

5. Plaintiff claims that the end result of U.S. Bank's conduct "was a large and

wholly avoidable set of fraudulent purchases from Plaintiff and others similarly situated." (*Id.* ¶ 24.) As a result, Plaintiff purports to bring this action on behalf of the following putative class: "All merchants in the United States that received chargeback claims from U.S. Bank with regard to cards that were the subject of a data breach at U.S. Bank or its affiliates." (*Id.* ¶ 25.)

6. In its Complaint, Plaintiff asserts claims for aiding and abetting fraud, tortious interference with contract, violations of Minn. Stats. §§ 325F.69 and 325D.44, and restitution/unjust enrichment. (*See id.* Counts I-IV.) Plaintiff seeks recovery of monetary damages; equitable relief, including restitution, disgorgement, and an accounting; declaratory relief; the entry of an injunction "prohibiting continuation or repetition of U.S. Bank's allegedly wrongful conduct"; and costs and reasonable attorneys' fees pursuant to both common law and Minn. Stats. §§ 8.31, subd. 3a and 325D.45, subd. 2. (*See id.* ¶¶ 39, 46, 53; Prayer for Relief.)

## II. THE EXERCISE OF FEDERAL JURISDICTION OVER THIS ACTION IS PROPER UNDER CAFA.

7. This Court has jurisdiction of this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), Public Law 109-2, codified at 28 U.S.C. § 1332(d).

8. CAFA creates federal jurisdiction over lawsuits that meet three criteria: (1) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," (2) the suit "is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant," and (3) the putative class consists of more than 100 members. *See* 28 U.S.C. §§ 1332(d)(2)(A) and (d)(5). Each of these

requirements is met here.

### A. The Plaintiff is a Citizen of a State Different from Defendant.

9. Plaintiff is an Arizona corporation with its principal place of business located in Lake Havasu City, Arizona. (*See* Compl. ¶¶ 1, 6.) Accordingly, Plaintiff is a citizen of the state of Arizona. *See* 28 U.S.C. § 1332(c)(1).

10. U.S. Bank is a national banking association with its main office, as set forth in its Articles of Association, located in Cincinnati, Ohio. (*See* Declaration of Brian L. Vander Pol in Support of U.S. Bank National Association's Notice of Removal, ¶ 2.) Accordingly, U.S. Bank is a citizen of the state of Ohio. *See* 28 U.S.C. § 1348; *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303 (2006).

11. Minimum diversity is, therefore, satisfied.

### B. The Putative Class Consists of More Than 100 Class Members.

12. Plaintiff alleges that the number of putative class members is in "at least the hundreds or thousands." (Compl. ¶ 26.)

13. Therefore, the requirement that the putative class consist of more than 100 members is satisfied.

### C. The Amount in Controversy Exceeds $5 Million, Exclusive of Interest and Costs.

14. As set forth above, Plaintiff purports to represent a putative class consisting of "[a]ll merchants in the United States that received chargeback claims from U.S. Bank with regard to cards that were the subject of a data breach at U.S. Bank or its affiliates."

(*Id.* ¶ 25.)[2]

15. As of December 1, 2010, U.S. Bank had approximately 5.7 million active Visa and MasterCard credit card accounts, and another approximately 3.8 million active Visa and MasterCard debit card accounts. (*See* Declaration of David Leiker in Support of U.S. Bank's Notice of Removal("Leiker Decl."), ¶ 2.)

16. According to publicly-available information, Visa-branded credit and debit cards are currently accepted at over 30 million locations worldwide, and MasterCard-branded credit and debit cards are currently accepted at over 28 million locations worldwide. (*See* Leiker Decl. ¶ 3.)

17. Plaintiff alleges that "large numbers" of U.S. Bank's nearly 9.5 million active cardholders were victims of a supposed data breach in U.S. Bank's computer system and that their accounts were thereafter used to make fraudulent purchases from merchant-members of the putative class. (*See* Compl. ¶¶ 17, 21, 24-25.)

18. Plaintiff *alone* claims to have suffered over $11,000 in damages stemming from a total of nine fraudulent purchases that occurred between August and December of 2009. (*See id.* ¶¶ 13-14.) Plaintiff also claims that over the span of a 13-day period, a single U.S. Bank cardholder's account was used to make 15 fraudulent purchases at 11 different merchants, with the amount of those purchases totaling over $14,000. (*See id.*

---

[2] As Plaintiff's proposed class definition does not contain any limitation as to time, the putative class conceivably includes all merchants that were subject to "card not present" chargebacks from U.S. Bank cardholders at any time since November 5, 2004. *See* Minn. Stat. § 541.05, subd. 1(6) (claim of fraud subject to 6-year statute of limitations); *Wild v. Rarig*, 234 N.W.2d 775, 793 (Minn. 1975) (claim of tortious interference with contract subject to 6-year statute of limitations).

¶ 15.) As a result, Plaintiff asserts that *each individual* U.S. Bank cardholder whose credit or debt card was fraudulently used incurred "over one thousand dollars in purchases with rush shipping fees." (*Id.* ¶ 28.)

19. As a result, the monetary damages alone that Plaintiff seeks on behalf of the putative class are well in excess of $5 million. Using Plaintiff's own estimate that the average amount of each fraudulent order placed at a merchant was $1,000, the threshold amount in controversy would be reached assuming 5,000 U.S. Bank cardholders were victims of the data breach alleged in Plaintiff's Complaint. Plaintiff's allegations, however, go far beyond that amount—they allege that "large numbers" of U.S. Bank's 9.5 million cardholders were victims of this alleged data breach.

20. The value of the injunctive relief that Plaintiff seeks on behalf of the putative class also far exceeds the requisite amount in controversy. As indicated above, Plaintiff seeks the entry of an injunction "prohibiting continuation or repetition of U.S. Bank's allegedly wrongful conduct." According to Plaintiff's allegations, the wrongful conduct that U.S. Bank is alleged to have committed is "cover[ing] up the data breach" and refusing to "notify[] its cardholders and cancel[] accounts." (*Id.* ¶¶ 19-24.)

21. As such, the injunctive relief requested by Plaintiff is mandatory in nature; U.S. Bank would be required to inform not only its cardholders, but also merchants and even the public at large that it had experienced an alleged data breach in its system. (*See id.* ¶¶ 21-22.) Plaintiff itself admits the issuance of such an injunction "would seriously jeopardize the *hundreds of millions of dollars* of net profit that U.S. Bank currently earns from its card operations." (*Id.* ¶ 21) (emphasis added).

22. In sum, the total amount of monetary damages alleged in the Complaint, the value of the injunctive relief requested, Plaintiff's request for an award of statutory costs and attorneys fees on behalf of the putative class, and the other information set forth above, clearly demonstrates that the amount in controversy exceeds $5,000,000. The amount in controversy requirement is, therefore, satisfied.

### III. PROCEDURAL MATTERS.

23. This Notice of Removal is timely because it is being filed within 30 days after U.S. Bank received, through service or otherwise, a copy of Plaintiff's Complaint. *See* 28 U.S.C. § 1446(b).

24. This Court is the appropriate court to which the action must be removed because it is part of the "district and division embracing the place where" Plaintiff filed this action in Hennepin County, Minnesota. *See* 28 U.S.C. § 1446(a).

25. Written notice of the filing of this Notice of Removal will be given to Plaintiff promptly after the filing of the Notice of Removal as required by 28 U.S.C. § 1446(d). In addition, as required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be filed promptly in the State Court Action with the Clerk of the District Court, Hennepin County, Fourth Judicial District after the filing of the Notice of Removal.

**WHEREFORE**, Defendant U.S. Bank National Association hereby respectfully removes this action from the District Court of the State of Minnesota, Hennepin County, Fourth Judicial District, to the United States District Court for the District of Minnesota.

Respectfully submitted,

DATED: December 6, 2010

**DORSEY & WHITNEY LLP**

By _____
Peter W. Carter (MN#0227985)
Brian L. Vander Pol (MN#0386389)
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600
Facsimile: (612) 340-2868

*Attorneys for Defendant*
*U.S. Bank National Association*



BRIAN L. VANDER POL
(612) 492-6693
FAX (952) 516-5480
vanderpol.brian@dorsey.com

December 6, 2010

**VIA MESSENGER**

Clerk of Court
U.S. District Court, District of Minnesota
300 South Fourth Street
202 U.S. Courthouse
Minneapolis, MN 55415

    Re:    New Case Filing - *E-Shops Corp. v. U.S. Bank National Association*

Dear Clerk of Court:

Enclosed for filing in the above-referenced matter please find the following:

1. Civil Cover Sheet;

2. Defendant U.S. Bank National Association's Notice of Removal;

3. Declaration of David Leiker in Support of U.S. Bank National Association's Notice of Removal; and

4. Declaration of Brian L. Vander Pol in Support of U.S. Bank National Association's Notice of Removal.

Also enclosed please find a check in the amount of $350.00 to cover the cost of Defendant's case filing fee.

Very truly yours,

Brian L. Vander Pol

Enclosures

cc:    Robert S. Green, Esq. (via First Class Mail w/encs.)
       J. Gordon Rudd, Jr., Esq. (via First Class Mail w/encs.)
       Peter W. Carter, Esq. (via e-mail w/encs.)

DORSEY & WHITNEY LLP • WWW.DORSEY.COM • T 612.340.2600 • F 612.340.2868
SUITE 1500 • 50 SOUTH SIXTH STREET • MINNEAPOLIS, MINNESOTA 55402-1498
USA   CANADA   EUROPE   ASIA-PACIFIC