UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 10-4822(DSD/JJK)

E-Shops, Corp., an Arizona
corporation, individually and
on behalf of all those
similarly situated doing
business as Paintball Punks,

        Plaintiffs,

v.                                                          **ORDER**

U.S. Bank National Association,

        Defendant.

    David M. Cialkowski, Esq., J. Gordon Rudd, Jr., Esq. and Zimmerman Reed, PLLP, 1100 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402 and James R. Noblin, Esq. and Green Welling, PC, 4500 E. Pacific Coast Highway, 4th Floor, Long Beach, CA 90804, counsel for plaintiffs.

    Andrew Peters, Esq., Brian L. Vander Pol, Esq. Peter W. Carter, Esq. and Dorsey & Whitney, LLP, 50 South Sixth Street, Suite 1500, Minneapolis, MN 55402, counsel for defendant.

    This matter is before the court upon the motion to remand by plaintiff E-Shops Corporation d/b/a Paintball Punks (E-Shops). Based on a review of the file, record and proceedings herein, and for the following reasons, the court denies the motion.

**BACKGROUND**

    This dispute arises out of chargebacks on credit cards issued by defendant U.S. Bank National Association (U.S. Bank). A chargeback occurs when a cardholder disputes a charge by a

merchant, resulting in the return of charged funds from the merchant's bank to the issuing bank (here U.S. Bank). Compl. ¶ 10. E-shops is an Arizona corporation with its principal place of business in Arizona. U.S. Bank is a national banking association with its main office in Ohio. E-shops sells paintball equipment through the internet. From August to December 2009, E-shops processed nine orders that turned out to be fraudulent. Id. ¶ 13. The persons who placed the orders used U.S. Bank credit cards. Id. The value of the fraudulent charges was $11,259.91. Id. When cardholders contested these charges, U.S. Bank initiated chargebacks, resulting in removal of the charges from cardholders' accounts, and E-shops' bank refunding $11,259.91 to U.S. Bank. Id. ¶ 14.

On November 5, 2010, E-shops filed a putative class action against U.S. Bank in Minnesota state court alleging claims of aiding and abetting fraudulent transactions, intentional interference with contract, violation of consumer protection statutes and unjust enrichment. E-shops alleges that the chargebacks were "unusual" and that "the most likely explanation ... is that the fraudulent activity resulted from a data breach at U.S. Bank." Id. ¶ 17. E-shops alleges that two U.S. Bank employees "admitted the bank's system had been compromised" and that "U.S. Bank was well aware of the problem and that it had been going on for a while." Id. ¶ 12.

E-shops brings the action on behalf of "[a]ll merchants in the United States that received chargeback claims from U.S. Bank" related to the alleged data breach. Id. ¶ 25. E-shops "reasonably believes the Class to number at least in the hundreds or thousands." Id. ¶ 26. The complaint states that the "fraudulent purchasers apparently ... charg[ed] over one thousand dollars in purchases with rush shipping fees." Id. ¶ 28. E-shops further alleged that U.S. Bank "could have corrected the data breach" if it had "notified all of the affected cardholders at once," but "[i]f U.S. Bank were to notify large numbers of its cardholders of a data breach in its facilities, then it would stoke the fears and concerns of credit card fraud among its cardholders." Id. ¶¶ 18, 21. E-shops seeks injunctive, declaratory and equitable relief, plus attorneys' fees and costs. Id. ¶ 58.

U.S. Bank timely removed. E-shops moves to remand, claiming that U.S. Bank did not meet its burden of establishing that the amount in controversy requirement is met. The court now considers the motion.

## DISCUSSION

Federal courts are "courts of limited jurisdiction. They possess only that power authorized by the Constitution and statute." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). The party invoking jurisdiction bears the burden of

proving that the prerequisites to jurisdiction are satisfied. See In re Bus. Men's Assur. Co., 992 F.2d 181, 183 (8th Cir. 1993). Jurisdiction is determined based upon "[t]he allegations of the complaint as set forth at the time the petition for removal was filed." Crosby v. Paul Hardeman, Inc., 414 F.2d 1, 3 (8th Cir. 1969).

U.S. Bank argues that the court has jurisdiction over this case pursuant to the Class Action Fairness Act of 2005 (CAFA), 28 U.S.C. §§ 1332, 1441, 1446 and 1453. CAFA provides that "the district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs." 28 U.S.C. § 1332(d)(2).[1]

"A primary purpose in enacting CAFA was to open the federal courts to corporate defendants out of concern that the national economy risked damage from a proliferation of meritless class action suits." Bell v. Hershey Co., 557 F.3d 953, 957 (8th Cir. 2009) (citation omitted)). The party seeking removal must prove by a preponderance of the evidence that the amount in controversy exceeds $5,000,000. Id. at 958. Under this standard, the inquiry "is not whether the damages are greater than the requisite amount,

---

[1] In addition, CAFA requires minimal diversity and at least 100 putative class members. See 28 U.S.C. § 1332(d)(2)(A), (d)(5)(B). The only issue in this case is whether the amount in controversy exceeds $5,000,000.

but whether a fact finder *might* legally conclude that they are." Id. at 959 (citation omitted).  Compensatory damages, punitive damages, injunctive relief, and statutory costs and attorneys' fees may be aggregated to meet the jurisdictional threshold.  See Crawford v. F. Hoffman-La Roche Ltd., 267 F.3d 760, 765-67 (8th Cir. 2001).

U.S. Bank has met its burden to show that a fact finder could reasonably conclude that the amount in controversy exceeds $5,000,000.  E-shops' putative class consists of all merchants in the United States that received chargeback claims from U.S. Bank related to the alleged data breach, and E-shops "reasonably believes the Class to number *at least* in the hundreds or thousands."  Comp. ¶¶ 25-26 (emphasis added).  Class members suffered chargebacks for individual fraudulent purchases exceeding $1,000, and the purchases continued "for several months."  Id. ¶¶ 24,28.  Taking E-shops' damages as typical, the class must have approximately 450 members to yield total compensatory damages exceeding $5 million.  Moreover, E-shops alleges that large numbers of cardholders were victims of the purported data breach,[2] supporting a determination that the number of class members exceeds

---

[2] E-shops denies that it alleged large numbers of cardholders were victims of a data breach.  A plain reading of the complaint belies this argument.  See Compl. ¶¶ 18, 21 (U.S. Bank could have notified all "affected cardholders" of data breach but did not because of risks associated with notifying "large numbers of its cardholders."

5

450. In addition, E-shops seeks injunctive, declaratory, and equitable relief. Aggregating the value of relief sought, U.S. Bank has established by a preponderance of the evidence that CAFA's amount in controversy requirement is satisfied.[3]

**CONCLUSION**

Based on the above, **IT IS HEREBY ORDERED** that E-shop's motion to remand to state court [ECF No. 10] is denied.

Dated:  April 7, 2011

                                         s/David S. Doty
                                         David S. Doty, Judge
                                         United States District Court

---

[3] To ensure that removal would be unsuccessful, E-shops could have stipulated that it would not seek damages greater than the jurisdictional minimum upon remand. See Bell, 557 F.3d at 958.  At the hearing on this motion, E-shops refused to do so.