UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 10-4822(DSD/JJK)

E-Shops Corp., an Arizona
corporation, individually and
on behalf of all those
similarly situated doing
business as Paintball Punks,

      Plaintiffs,

v.                                                                          **ORDER**

U.S. Bank National Association,

      Defendant.

    David M. Cialkowski, Esq., J. Gordon Rudd, Jr., Esq. and Zimmerman Reed, PLLP, 1100 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402; James R. Noblin, Esq., Green Welling, PC, 4500 East Pacific Coast Highway, 4th Floor, Long Beach, CA 90804; Robert S. Green, Esq., Green Welling LLP, 595 Market Street, Suite 2750, San Francisco, CA 94105, counsel for plaintiffs.

    Andrew Peters, Esq., Brian L. Vander Pol, Esq., Peter W. Carter, Esq., and Dorsey & Whitney LLP, 50 South Sixth Street, Suite 1500, Minneapolis, MN 55402, counsel for defendant.

        This matter is before the court upon the motion to dismiss by defendant U.S. Bank National Association (U.S. Bank). Based on a review of the file, record and proceedings herein, and for the following reasons, the court grants the motion.

**BACKGROUND**

This dispute arises out of "chargebacks" on credit cards issued by U.S. Bank.[1] A chargeback occurs when a cardholder disputes a merchant's charge, resulting in the return of funds from the merchant's bank to the bank that issued the credit card. Compl. ¶ 10. Plaintiff E-Shops Corp. (E-Shops) sells paintball equipment over the Internet. Id. ¶ 1. From August to December 2009, E-Shops received nine orders that involved fraudulent use of U.S. Bank credit cards. Id. ¶ 13. When cardholders contested these charges, U.S. Bank initiated chargebacks, resulting in the refund of $11,259.91 from E-Shops' bank to U.S. Bank. Id. ¶ 14. E-Shops alleges that these chargebacks were "unusual" and that "the most likely explanation ... is that the fraudulent activity resulted from a data breach at U.S. Bank." Id. ¶ 17. E-Shops alleges that two U.S. Bank employees "admitted the bank's system had been compromised" and that "U.S Bank was well aware of the problem and that it had been going on for a while." Id. ¶ 12.

On November 5, 2010, E-Shops filed this action, individually and on behalf of all those similarly situated, in Minnesota state court alleging that U.S. Bank aided and abetted fraudulent transactions, intentionally interfered with contract, violated consumer protection statutes and was unjustly enriched. U.S. Bank

---

[1] The background of this action is set out in a prior order, and the court recites only those facts necessary to the disposition of this motion.

timely removed,[2] and moved to dismiss. The court now considers the motion.

## DISCUSSION

### I. Standard of Review

To survive a motion to dismiss for failure to state a claim, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)). "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level. See Twombly, 550 U.S. at 555. "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action are not sufficient to state a claim." Iqbal, 129 S. Ct. at 1949 (citation and internal quotation marks omitted).

---

[2] The court previously denied E-shop's motion to remand. See ECF No. 30. The court has jurisdiction over this matter under the Class Action Fairness Act, 28 U.S.C. §§ 1332, 1441, 1446 and 1453.

**II.  Aiding and Abetting Fraud**

Fraud must be pleaded with particularity. See Fed. R. Civ. P. 9(b); BJC Health Sys. v. Columbia Cas. Co., 478 F.3d 908, 917 (8th Cir. 2007). "[T]he particularity requirements of Rule 9(b) apply to claims of aiding and abetting fraud no less than to direct fraud claims." Bank of Montreal v. Avalon Capital Grp., Inc., 743 F. Supp. 2d 1021, 1028 (D. Minn. 2010) (quoting Filler v. Hanvit Bank, 156 F. App'x. 413, 417 (2d Cir. 2005)). The particularity requirement enables defendants to respond promptly and specifically to potentially damaging allegations of fraud. Id. The requirements of Rule 9(b) are read "in harmony with the principles of notice pleading," and the level of particularity required depends upon the nature of a case. Id. (citation and internal quotation marks omitted). However, "conclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule." Id. (citation and internal quotation marks omitted). To satisfy the heightened pleading requirement, a plaintiff must set forth the "who, what, when, where, and how" of an alleged fraud. United States ex rel. Joshi v. St. Luke's Hosp., Inc., 441 F.3d 552, 556 (8th Cir. 2006). In other words, a plaintiff must plead "the time, place and contents" of the false representations, the identity of the individual who made the representations and what was obtained thereby. BJC Health Sys., 478 F.3d at 917.

To state a claim for aiding and abetting fraud, a plaintiff must show (1) a primary actor committed fraud that caused injury to the plaintiff, (2) the aider and abettor knew that the primary actor's conduct constituted fraud, and (3) the aider and abettor substantially assisted or encouraged the primary actor in committing fraud. See Witzman v. Lehrman, Lehrman & Flom, 601 N.W.2d 179, 187 (Minn. 1999); see also In re Temporomandibular Joint (TMJ) Implants Prods. Liab. Litig., 113 F.3d 1484, 1495 (8th Cir. 1997).

General assertions that unspecified third parties engaged in fraudulent transactions are insufficient to allow U.S. Bank to respond with specificity to the allegations. E-Shops concedes that it cannot identify the primary actor who committed the underlying fraud but argues that this requirement should be relaxed because the fraud took place over the Internet. See Pl.'s Mem. Opp'n 9-10. The court disagrees. E-Shops must plead the identity of the person engaged in fraudulent conduct to satisfy this element. See Stark v. Monson, Civ. No. 07-4373, 2008 WL 189959, at *9 (D. Minn. Jan. 22, 2008) ("[P]ermitting fraud allegations to stand that do not even identify the speaker or the recipient of the fraud, would eviscerate Rule 9(b)'s requirement that fraud be pled with particularity."); see also Joshi, 441 F.3d at 556. E-Shops is not entitled to circumvent the heightened pleading requirements with an unsupported argument that this is not "a traditional fraud case."

Pl.'s Mem. Opp'n 9. Accordingly, E-Shops fails to satisfy the first element of its claim for aiding and abetting fraud.[3]

Moreover, E-Shops failed to plead with particularity that U.S. Bank substantially assisted or encouraged the primary actor in committing fraud. E-Shops alleges that U.S. Bank "could have corrected the data breach" and "substantially assisted the fraudulent transaction by not correcting the data breach" in a timely manner. Compl. ¶¶ 18, 38. The complaint provides no specific factual assertions about the nature of the data breach, how it occurred, when it occurred or where it occurred. E-Shops' conclusory assertion that U.S. Bank substantially assisted the fraudulent transaction does not satisfy the particularity requirements of Rule 9(b). Therefore, E-Shops fails to state a claim for aiding and abetting fraud.

### III. Intentional Interference with Contractual Relations

E-Shops next claims that U.S. Bank intentionally interfered with a contractual relationship between E-Shops and nonparty HSBC Bank. To establish intentional interference with an existing contract, a plaintiff must prove: "(1) the existence of a contract;

---

[3] E-Shops argues that Rule 9(b)'s particularity requirements can be satisfied without pleading the date, place or time of the alleged fraud so long as a plaintiff pleads an "alternative means of injecting precision and some measure of substantiation into their allegations of fraud." Seville Indus. Mach. Corp. v. Southmost Mach. Corp., 742 F.2d 786, 791 (3d Cir. 1984). Even if the court were to adopt the reasoning of this Third Circuit case, E-shop's complaint fails to substantiate its fraud claims according to the Seville standard. See id.

6

(2) the alleged wrongdoer's knowledge of the contract; (3) intentional procurement of its breach; (4) without justification; and (5) damages." Furlev Sales & Assocs., Inc. v. N. Am. Auto. Warehouse, Inc., 325 N.W.2d 20, 25 (Minn. 1982); see also Hot Stuff Foods, LLC v. Dornbach, 726 F. Supp. 2d 1038, 1043 (D. Minn. 2010) (citing Kjesbo v. Ricks, 517 N.W.2d 585, 588 (Minn. 1994)).

E-Shops argues that the third element does not require the alleged wrongdoer to procure a breach and cites several Eighth Circuit cases in support of this argument. See Minn. Deli Provisions, Inc. v. Boar's Head Provisions Co., Inc., 606 F.3d 544, 551 (8th Cir. 2010) (citing Guinness Imp. Co. v. Mark VII Distribs., Inc., 153 F.3d 607, 613 (8th Cir. 1998) (citing Sip-Top, Inc. v. Ekco Grp., Inc., 86 F.3d 827, 832 (8th Cir. 1996)(citing Furlev, 325 N.W.2d at 25))). These cases, however, rely on Furlev, which includes intentional procurement of breach as an element of this claim. See Furlev, 325 N.W.2d at 25. The court declines to broaden this tort beyond the elements set out by the Minnesota Supreme Court.[4] E-Shops offers no facts from which the court can

---

[4] E-Shops argues that other district courts have rejected this requirement. The cases that E-Shops cites, however, include intentional procurement of the contract's breach as an element. See N. PCS Servs., LLC v. Sprint Nextel Corp., No. Civ. 05-2744, 2006 WL 1072075, at *3 (D. Minn. Apr. 21, 2006) (requiring intentional procurement of breach); A&L Laboratories, Inc. v. Bou-Matic, LLC, No. Civ. 02-4862, 2003 WL 21005305, at *3 (D. Minn. Apr. 25, 2003) (attempt to secure breach can satisfy requirement
(continued...)

infer that U.S. Bank procured a breach of E-Shops' contract with HSBC Bank and therefore its claim for intentional interference with contract fails.[5]

## IV. Statutory Fraud Claims

E-Shops next alleges that U.S. Bank violated the Minnesota Uniform Deceptive Trade Practices Act (MUDTPA), § 325D.44, subdiv. 1(13), and the Minnesota Consumer Fraud Act (MCFA), § 325F.69, subdiv. 1, by failing to notify cardholders of the alleged data breach.  Compl. ¶ 48.  The MUDTPA describes conduct that constitutes deceptive trade practices, including "pass[ing] off goods or services as those of another," "caus[ing] likelihood of confusion or of misunderstanding as to ...goods or services" and "any other conduct which similarly creates a likelihood of confusion or misunderstanding."  Minn. Stat. § 325D.44, subdiv. 1(1),(2),(13).  The MCFA prohibits "[t]he act, use, or employment by any person of any fraud, false pretense, false promise, misrepresentation, misleading statement or deceptive practice, with

---

[4](...continued)
that "tortfeasor procured the breach of that contract"); but cf. Telluride Asset Mgmt., LLC v. Bridgewater Assocs., Inc., No. Civ. 04-4862, 2005 WL 1719204, at *2 (D. Minn. 2005 July 11, 2005) (including intentional procurement of contract breach as element, but holding that plaintiff need not allege actual breach).

[5] The claim also fails because E-Shops offers no facts to show that the chargebacks of the fraudulent orders were improper or unjustified.

the intent that others rely thereon in connection with the sale of any merchandise." Minn. Stat. § 325F.69, subdiv. 1.

The heightened pleading requirement of Rule 9(b) applies equally to statutory fraud claims. See Joshi, 441 F.3d at 556; Tuttle v. Lorillard Tobacco Co., 118 F. Supp. 2d 954, 963 (D. Minn. 2000) ("Notwithstanding the relative breadth of the consumer protection statutes, Rule 9(b) applies where, as here, the gravamen of the complaint is fraud.").

In support of its statutory fraud claims, E-Shops again alleges that there was a data breach, that U.S. Bank was aware of the breach, and that U.S. Bank did not remedy the problem or notify its customers. Compl. ¶¶ 48-49. The court has already determined that E-Shops failed to plead the circumstances of the alleged data breach. For the same reasons, the statutory fraud claims fail. Therefore, E-Shops fails to state a claim for violations of the MUDPTA and the MCFA.[6]

## V.   Unjust Enrichment

Lastly, E-Shops claims that U.S. Bank was unjustly enriched. An unjust enrichment claim requires proof of three elements: "(1) a benefit conferred; (2) the defendant's appreciation and knowing acceptance of the benefit; and (3) the defendant's acceptance and retention of the benefit under such circumstances that it would be

---

[6] As a result, the court does not address U.S. Bank's additional arguments in support of dismissal.

inequitable for him to retain it without paying for it." <u>Dahl v. R.J. Reynolds Tobacco Co.</u>, 742 N.W.2d 186, 195 (Minn. Ct. App. 2007) (citation omitted).

E-Shops claims that it "conferred a direct benefit on Defendant" and that "Defendant received and retained money, through a profit share or otherwise, belonging to Plaintiff and the Class resulting from Defendant's conduct." Compl. ¶ 55. E-Shops offers no facts to support this allegation. E-Shops does not describe or explain the alleged "profit share." Moreover, it does not show any inequity in U.S. Bank seeking refunds of money for its cardholders. The court has already determined that E-Shops' fraud-related claims fail and, therefore, U.S. Bank was entitled to seek refunds for fraudulent purchases. E-Shops' bare assertions are not sufficient to state a claim for unjust enrichment. Therefore, the unjust enrichment claim fails.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that U.S. Bank's motion to dismiss [ECF. No. 5] is granted.
**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  June 9, 2011

                                         s/David S. Doty
                                         David S. Doty, Judge
                                         United States District Court